OPINION
{¶ 1} Defendant, Kenneth Yancey, appeals from concurrentsentences of four years imprisonment which the trial courtimposed upon Defendant's conviction for aggravated burglary, R.C.2911.11(A)(1), and kidnaping, R.C. 2905.01(A)(2). Thoseconvictions were entered on pleas of guilty in exchange for theState's dismissal of a charge of robbery. R.C. 2911.02 (A)(2).
 {¶ 2} Defendant presents a single assignment of error:
 "Appellant's sentence is overly harsh, contrary to law,unsupported by the record, and based on erroneous findings offact."
 {¶ 3} Defendant claims that the trial court erred insentencing him to a term of imprisonment because the ProbationDepartment had recommended community control sanctions withseveral conditions, and compelling mitigation exists whichjustifies community control. We are not persuaded.
 {¶ 4} Absent maximum or consecutive sentences, and absent anyclaim that the trial court failed to make required statutoryfindings, we may grant relief only if we find from clear andconvincing evidence that the record does not support the trialcourt's findings or that the sentence is otherwise contrary tolaw. R.C. 2953.08(G)(2); State v. Stevens (Feb. 7, 2003),Montgomery App. No. 19285, 2003-Ohio-617.
 {¶ 5} Defendant was convicted of aggravated burglary andkidnapping, both felonies of the first degree, for which thepermissible sentencing range is three, four, five, six, seven,eight, nine or ten years. R.C. 2929.14(A)(1). The trial courtsentenced Defendant to concurrent prison terms of four years foreach offense.
 {¶ 6} For felonies of the first degree, R.C. 2929.13(D)creates a presumption that a prison term is necessary in order tocomply with the purposes and principles of felony sentencing inR.C. 2929.11. R.C. 2929.14(B)(2) requires the trial court toimpose the minimum available sentence upon offenders unless,inter alia, [t]he court finds on the record that the shortestprison term will demean the seriousness of the offender's conductor will not adequately protect the public from future crime bythe offender or others."
 {¶ 7} At the sentencing hearing the trial court acknowledgedthat the Probation Department had recommended community controlwith six months local incarceration. The trial court stated thatit could not adopt that recommendation given the nature of thisoffense: a home invasion which involved accosting, grabbing andholding Defendant's hand over the mouth of the eighty-five yearold woman who was the victim.
 {¶ 8} The court stated that it had considered the minimumsentence, but found it would not be appropriate because theminimum sentence would demean the seriousness of this offense.Accordingly, because the trial court imposed a sentence withinthe permissible range and made the necessary statutory finding toexceed the minimum sentence, Defendant's sentence is not contraryto law.
 {¶ 9} Defendant additionally argues that his sentence is notsupported by the record because he presented mitigating evidencesufficient to overcome the presumption in favor of a prison term.We disagree.
 {¶ 10} Before a court can overcome the presumption in favor ofa prison term that applies to a felony of the first degree andinstead impose community control sanctions for that offense, thecourt must make both of the following findings:
 {¶ 11} "(1) A community control sanction or a combination ofcommunity control sanctions would adequately punish the offenderand protect the public from future crime, because the applicablefactors under section 2929.12 of the Revised Code indicating alesser likelihood of recidivism outweigh the applicable factorsunder that section indicating a greater likelihood ofrecidivism.
 {¶ 12} "(2) A community control sanction or a combination ofcommunity control sanctions would not demean the seriousness ofthe offense, because one or more factors under section 2929.12 ofthe Revised Code that indicate that the offender's conduct wasless serious than conduct normally constituting the offense areapplicable, and they outweigh the applicable factors under thatsection that indicate that the offender's conduct was moreserious than conduct normally constituting the offense." R.C.2929.13(D).
 {¶ 13} In discussing the evidence which he claims overcomesthe presumption in favor of a prison term, Defendant points outthat he has no prior felony record, that the offense wascommitted under circumstances not likely to reoccur because hewas under the influence of crack cocaine at the time andDefendant has now acknowledged his addiction and is presentlyseeking treatment, that he expressed genuine remorse for hisconduct, that he has never previously been placed on communitycontrol, and that he has no history of mental disorders orviolent behavior.
 {¶ 14} These factors pertain to Defendant's likelihood ofrecidivism, R.C. 2929.12(E), which is only one of two importantconsiderations for the trial court when determining if thepresumption in favor of a prison term has been overcome. Therecidivism factors have little or no relevance to the seriousnessof the particular offense and whether a community controlsanction would demean the seriousness of the offense.
 {¶ 15} With respect to the R.C. 2929.13(D) presumptions whichcan overcome the presumption in favor of a prison term, the courtstated:
 {¶ 16} "The Court would also find that the presumption ofimprisonment in this case can only be overcome if I find that youare an appropriate candidate for Community Control. At this pointI don't believe you are.
 {¶ 17} "Furthermore, I — if — if I were to sentence you toCommunity Control or Probation, I need to find that it would notdemean the seriousness of the offense to do so. I believe itwould demean the seriousness of the offense not to send you toprison, so I will send you to prison as I've indicated."(Sentencing Tr. at 17-18).
 {¶ 18} Because the trial court did not make both of thefindings required by R.C. 2929.13(D), the presumption in favor ofa prison term was not overcome and the court had no option but toimpose a term of imprisonment. Furthermore, the trial court'sconclusion that community control would demean the seriousness ofthis offense is amply supported by the record.
 {¶ 19} This case involved a home invasion during whichDefendant grabbed and held his hand over the month of aneighty-five year old woman. The victim spoke at the sentencinghearing and told the trial court about the daily backaches shesuffers as a result of this assault. In addition, the quality ofthe victim's life has deteriorated due to her constant state offear: she cannot eat, sleep, go outside her home or be leftalone. The victim's age and the physical and psychological harmshe has suffered as a result of this offense makes the offense amore serious one which justifies more onerous punishment. R.C.2929.12(B); State v. Stevens, supra.
 {¶ 20} Finally, Defendant complains that the trial courtshould not have reviewed a videotape as part of the victim impactstatement. The tape depicts the home that was burglarized and theelderly victim. Defendant had not been provided notice of thetape or that it would be used. He objected, and the trial courtindicated that the videotape had not affected its sentencingdecision. Any error is therefore harmless.
 {¶ 21} The assignment of error is overruled. The judgment ofthe trial court will be affirmed.
 Fain, P.J. and Wolff, J., concur.