OPINION
{¶ 1} Defendant-appellant Marcos S. Baeza appeals from his sentence and conviction for one count of vandalism, a felony of the fifth degree in violation of R.C. § 2909.05(B)(2). In exchange for an agreement that the State drop all other pending charges against him, on November 8, 2004, Baeza waived his right to a Grand Jury and entered a plea of no contest to the vandalism charge by way of a bill of information. The trial court accepted the plea and found Baeza guilty.
 {¶ 1} On January 6, 2005, the trial court sentenced Baeza to eleven months incarceration. On January 11, Baeza filed a timely notice of appeal. Baeza's appointed counsel filed a brief pursuant to Anders v.California (1967), 386 U.S. 738, wherein he asserts that he could not find any meritorious issues for appellate review. Baeza was notified of his appointed counsel's representations, and he filed a timely pro se brief for our review.
 I {¶ 2} After a thorough review of Baeza's brief, it appears that his sole contention is that the eleven month sentence he received is contrary to law and should be vacated. Baeza's argument is without merit.
 {¶ 3} As we said in State v. Yancey (May 28, 2004), Montgomery App. No. 20130, 2004-Ohio-2725, pursuant to R.C. § 2953.08(A)(4), a reviewing court must find by clear and convincing evidence that a sentence is contrary to law. Where a trial court makes the necessary findings to exceed the minimum sentence and imposes a sentence within the permissible range, the sentence is not contrary to law. Id.
 {¶ 4} R.C. § 2929.14(B) reads as follows:
 {¶ 5} "[I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record thatthe shortest prison term will demean the seriousness of the offender'sconduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 6} After considering Baeza's pre-sentence investigation report, the trial court explicitly found that sentencing Baeza to the minimum term would demean the seriousness of the offense. Additionally, the term of incarceration imposed falls within the permissible range outlined in R.C. § 2929.14 for a felony of the fifth degree. Thus, the trial court's imposition of the eleven month sentence was not contrary to law and will not be vacated on appeal.
 {¶ 7} Notwithstanding the assertions made in Baeza's pro se brief, we have conducted an independent review of the proceedings in the trial court and can find no errors having any arguable merit. Thus, Baeza's appeal is without merit, and the judgment of the trial court is affirmed.
Wolff, J. and Grady, J., concur.